**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **PHILLIP L. MITCHELL # 570912,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )　**No. 3:25-cv-00220** |
| **v.** | ) |
| | ) |
| **ARTHUR CLEVELAND EARLS, IV,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Phillip L. Mitchell, an inmate of the Davidson County Sheriff's Department in Nashville, Tennessee, filed a pro se, in forma pauperis complaint, alleging violations of Plaintiff's civil rights. (Doc. Nos. 1, 10). Plaintiff also filed a Motion to Ascertain Status. (Doc. No. 11).

The Motion to Ascertain Status (Doc. No. 11) is **GRANTED** insofar as the Court conducts the required screening of the complaint herein.

### I. SCREENING OF THE COMPLAINT

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

A. PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Id. § 1915A(b).

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520121 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."  To state a claim under Section 1983, a plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. ALLEGED FACTS

The allegations of the complaint are assumed true for purposes of the required PLRA screening.

Plaintiff's attorney Arthur Cleveland Earls, IV did not communicate with Plaintiff before, during, or after Plaintiff's preliminary hearing. Earls allowed the State to reschedule Plaintiff's preliminary hearing eight times.

Earls acted independently without Plaintiff's consent or knowledge on August 21, 2024; August 26, 2024; August 27, 2024; September 4, 2024; September 9, 2024; September 18, 2024; September 23, 2024; and September 26, 2024.

Earls did not communicate his defense strategy to Plaintiff. He made decisions in Plaintiff's cases instead of letting Plaintiff make the decisions. Plaintiff "never knew what was going on" with his cases. (Doc. No. 1 at 7). Because of Earls' ineffective assistance, Plaintiff was convicted and has lost precious time with his family while he has been incarcerated. As relief, he seeks $500,000 in damages.

D. ANALYSIS

The complaint alleges claims under Section 1983 against the attorney who represented Plaintiff during a preliminary hearing in state court. The claims are brought against the attorney in his official capacity only. (Doc. No. 1 at 2). The complaint does not provide any specifics regarding what charges Plaintiff was facing, only that he was facing charges "at the Davidson County Tennessee courthouse." (Id. at 5).

The complaint does not clarify whether Earls was Plaintiff's public defender or a retained criminal defense attorney. If he was the former, Earls is not a "state actor" who can be sued under Section 1983. As noted above, to state a claim under Section 1983, "a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." Flanory v. Bonn, 604 F.3d 249, 253 (6th Cir. 2010) (emphasis added). "It is firmly established that a public defender or a court-

3

appointed defense counsel, while acting in that capacity, is not a state actor for purposes of §

1983"; that is, they are not "a person acting under color of state law." White v. Robertson-Deming,

9 F. App'x 418, 419-20 (6th Cir. 2001) (citing Polk Cnty. v. Dodson, 454 U.S. 312, 321 (1981));

see also Whisnant v. Stokes, No. 1:08-cv-229, 2008 WL 4763853, at *5 (E.D. Tenn. Oct. 28, 2008)

(and the cases cited therein) ("courts have uniformly held [that] an attorney, whether appointed or

retained, whether in state court or federal court, is not acting under color of law.").

There are some narrow exceptions to this rule. For example, "[a] person may be a state

actor if he or she 'acted together with or has obtained significant aid from state officials, or because

his conduct is otherwise chargeable to the State.'" Ayers v. Gabis, No. 20-11735, 2021 WL

4316853, at *4 (E.D. Mich. Sept. 23, 2021) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922,

937 (1982)). "But without some plausible and specific factual showing that the person acted in

concert with state officials to deprive the plaintiff of some constitutional right, a criminal defense

attorney is not a 'state actor' and is not subject to suit under 42 U.S.C. § 1983." Ayers, 2021 WL

4316853, at *4 (citing Elrod v. Michigan Supreme Court, 104 F. App'x 506, 508 (6th Cir. 2004)).

Even alleging "that [a] court-appointed attorneys conspired with the trial judge to deprive him of

a fair trial," without pleading any facts to support the conclusionary label, is insufficient. Ayers,

2021 WL 4316853, at *5.

Here, the complaint does not plead any facts that would allow the Court to conclude that

the above exception applies. Accordingly, the general rule—that a public defender is not subject

to suit under Section 1983—applies, and the Section 1983 claims against Earls in his official

capacity should be dismissed.

If Earls was not Plaintiff's public defender, Plaintiff's Section 1983 claims against him still

fail. "Criminal defense attorneys are not considered state actors for purposes of suit under 42

4

U.S.C. § 1983." <u>Polk Cnty.</u>, 454 U.S. 312, 325; <u>see</u> <u>Otworth v. Vanderploeg</u>, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). This is true even when a criminal defense attorney's defective performance results in the unconstitutional deprivation of an accused criminal defendant's liberty, as Plaintiff alleges here. <u>See</u> <u>Briscoe v. Lahue</u>, 460 U.S. 325, 329 n.6 (1983).

Thus, regardless of whether Plaintiff might be able to bring malpractice claims against Earls in state court,[1] he cannot bring suit against Earls in federal court for violation of Plaintiff's federal constitutional rights on the allegations presented here. <u>See</u> <u>Pearson v. Morris</u>, No. 3:15-cv-0578, 2015 WL 3540857, at *2 (M.D. Tenn. June 3, 2015).

## II. CONCLUSION

The Court has screened the prisoner complaint pursuant to the PLRA and finds, for the numerous reasons set forth above, that Plaintiff's Section 1983 claims against attorney Arthur Cleveland Earls, IV in his official capacity fail to state claims upon which relief can be granted. Accordingly, this action is **DISMISSED**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Court makes no representations as to the validity or timeliness of such claims.